IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Charlotte N. Sweeney**

Civil Action No. 22-cv-02872-CNS
(Criminal Action No.12-cr-00454-CNS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAFDAR NEIL LILAK,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant Safdar Neil Lilak's *pro se* motion filed pursuant to 28 U.S.C. § 2255 (Motion). (ECF No. 84). Upon the filing of this pending Motion, the Clerk of the Court reassigned this matter to the undersigned District Judge. (ECF No. 83). The Court must construe Mr. Lilak's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court dismisses the Motion without prejudice for lack of jurisdiction.

In a previous order denying Mr. Lilak's similar motion seeking relief under § 2255, Senior District Judge Wiley Y. Daniel recounted the pertinent background as follows:

> In a plea agreement, Mr. Lilak agreed to plead guilty to one count of false statements to the government in violation of 18 U.S.C. § 1001(a)(3). (ECF No. 15). The Court imposed Judgment in a Criminal Case on June 18, 2013. (ECF No. 26). Mr. Lilak was sentenced to twelve months in the custody of the Bureau of Prisons and three years of supervised release. (*See id.*). Restitution payable to the Social

> Security Administration is reflected in the Judgment. (*Id.* at 5). Mr. Lilak did not file a direct appeal. (*See* docket). Mr. Lilak has completed his prison sentence. (*See* ECF No. 40).
>
> Mr. Lilak previously filed three motions seeking relief under 28 U.S.C. § 2255. (ECF Nos. 56, 60, 61). The Court denied the motions and dismissed them with prejudice as untimely. (ECF No. 62). Mr. Lilak appealed, and the U.S. Court of Appeals for the Tenth Circuit denied a Certificate of Appealability and dismissed the appeal. (ECF No. 69).

(ECF No. 77 at 1-2, Order dated September 5, 2018).

The Court now turns to the pending Motion for relief under § 2255 and dismisses the request without prejudice for lack of jurisdiction. As explained in the September 5 Order, Mr. Lilak filed at least three prior § 2255 motions that the Court denied as time-barred. Thus, his pending § 2255 Motion is second or successive. (ECF No. 77 at 3) (citing *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (The dismissal of the "first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."); *see also United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706 (10th Cir. 2013) (applying this rule to a § 2255 motion)). Accordingly, here, Mr. Lilak shall obtain an order from the Tenth Circuit Court of Appeals authorizing this Court to consider a second or successive § 2255 motion pursuant to § 2255(h) and 28 U.S.C. § 2244(b)(3). *See In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (per curiam). Should Mr. Lilak fail to include such authorization, the district court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion. *See id.* at 1251.

The Court carefully reviewed Mr. Lilak's voluminous motion and found no allegations indicating he obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Accordingly, the Court must either dismiss the pending § 2255 motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit

pursuant to 28 U.S.C. § 1631. *See id.* at 1252. The factors a court considers

> in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252. To present a meritorious successive claim, the petitioner must demonstrate the claim is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Upon the Court's careful review of the instant Motion, Mr. Lilak fails to show he is raising a claim based on newly discovered evidence pursuant to § 2255(h)(1) or a claim pursuant to a new and retroactive rule of constitutional law under § 2255(h)(2). Therefore, a transfer is not warranted in the interest of justice, and the Court dismisses the § 2255 Motion for lack of jurisdiction. *See In re Cline*, 531 F.3d at 1252.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court

erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability because Mr. Lilak has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lilak files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion filed pursuant to 28 U.S.C. § 2255 (ECF No. 84) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Lilak has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is **DENIED WITHOUT PREJUDICE** to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

Dated: November 3, 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge